JOSÉ BENJAMÍN GONZÁLEZ LLANOS, Plaintiff and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. 12827. Submitted April 24, 1961.—Decided April 26, 1961.

*José Benjamín González Llanos pro se.   J. B. Fernández Badillo, Attorney General,* and *Juan A. Faría, Assistant Attorney General,* for appellee.

PER CURIAM.

On September 7, 1951, the Juvenile Court declared the petitioner-appellant, José B. González Llanos, who at such date was fourteen and a half years of age, a delinquent child. On the following November 8, his admission to the Insular Industrial School for Juveniles was ordered until he attained nineteen years of age, unless he was released on probation or definitively, and it was provided that he could remain in said institution until he was 21 years of age if the director of said school deemed it convenient.

After he attained eighteen years of age, the petitioner was convicted and sentenced by the Superior Court, San Juan Part, for the crimes committed *after* September 21, 1955, the effective date of Act No. 97 of June 23, 1955 (Sess. Laws, p. 504, 34 L.P.R.A. App. § 2001 *et seq.*)   Relying on the doctrine stated in *People* v. *Andújar*, 80 P.R.R. 793 (1958), he filed a habeas corpus petition in which he substantially alleged that since at the time he committed the crimes and was

tried and sentenced he had already been declared a delinquent child under the provisions of Act No. 37 of March 11, 1915 (Sess. Laws, p. 71, 34 L.P.R.A. § 1941 *et seq.*) he could not be tried as an adult, pursuant to § 3 of Act No. 97 of 1955.[1]

██ The aforesaid case of Andújar is clearly distinguishable from the case at bar. In both cases the accuseds had been declared delinquent children under Act No. 37 of 1915, and when they committed the criminal offenses they were over the age of eighteen. Now, whereas the violation charged against Andújar occurred *before* Act No. 97 of 1955 went into effect, the petitioner in the present case committed the violations for which he was tried as an adult at a *time subsequent* to said effective date. Assuming that the guarantee against the ex post facto application of an Act applies to statutes like the one we are considering, it cannot be held that it is intended to apply a different punitive measure to acts already consummated.[2] It is not that Act No. 97 aggravates the petitioner's situation in relation to the crimes charged and their consequences. Act No. 97 was applied

---

[1] Section 3 of Act No. 97 of June 23, 1955 (34 L.P.R.A. Cum. Supp. § 2003) reads as follows:

"The Court shall retain its authority over any child covered by the provisions of this Act until he attains 21 years of age, unless said Court shall, upon order to that effect, waive its authority over the minor after reaching 16 years and before attaining 21 years of age; provided however, that a minor who having reached 18 years of age, commits another violation of law while under the supervision of the Court, shall be prosecuted as an adult."

[2] In the report of the House Education Committee on S. B. No. 519 which later became Act No. 97 (Journal of Proceedings, p. 2134) 1955, it says:

"The present Act provides that a minor who commits a violation remains under the jurisdiction of the court until he attains 21 years of age. When these minors commit a new violation after attaining the age of 18, they remain under the guardianship of the Juvenile Court, but others, between the ages of 18 and 21, who have never committed a violation are treated as adults. *There is no justification for giving the former any privileges that the others do not have. This measure tends to correct such disequality.*"

simply because it was the one in effect when the violation of the law[3] was perpetrated.

The judgment appealed from will be affirmed.

---

[3] Act No. 97 of 1955 expressly repealed Act No. 37 of 1915 and by § 15 thereof it was made applicable "to all cases pending or in course of action under the said act hereby repealed, as well as to all cases pending or in course of action involving a child."

This last provision refers to the criminal actions filed against minors between the ages of 16 and 18, who under Act No. 37 were not under the jurisdiction of the Juvenile Court.   One of the main modifications of the new legislation was to extend the jurisdiction of the new Court to cover the violations committed by children less than 18 years of age.   See Journal of Proceedings, p. 2134, 1955.